IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEOVERA INSURANCE COMPANY** | **CIVIL ACTION** |
| **Plaintiff** | **Case No. 2:18-cv-8608** |
| versus | **Judge Barbier** |
| **STEPHEN CANTIN, ET AL.** | **Section J (4)** |
| **Defendant** | **Magistrate Roby** |

## DEFENDANT CITY OF KENNER'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR STAY ON GROUNDS OF ABSTENTION OR UNDER FED. R. CIV. P. 12(b)6

### Introduction

On or about February 19, 2018, a fire occurred at Kenner High School in Kenner, Louisiana, severely damaging the building. Kenner High School is owned by the City of Kenner (hereinafter "Kenner"). Five (5) minors, Ryder Chriss, Ebrahem Abuelhawa, Dylan Williams, Brennan Muller and Brennan Ruppert, negligently caused and/or contributed to the fire at Kenner High School. The City of Kenner contacted the families of the five minors and requested the identification of their homeowners' insurers in order to attempt to negotiate an amicable settlement without the necessity of filing suit. Thereafter, Kenner filed suit in the 24th Judicial District Court for the Parish of Jefferson (attached hereto as Exhibit K-1 is Kenner's Petition for Damages).

GeoVera Specialty Insurance Company (hereinafter "GeoVera"), is the insurer of one of the tortfeasors, Ryder Chriss. GeoVera admits it knew that Kenner was interested in pursuing a claim for restitution and that Kenner asked for the insurer to

1

contact us to discuss settlement without the need for litigation. Complaint Paragraph 12 and Exhibits 3, 4 and 5 to its Complaint. GeoVera knew that the 24th Judicial District Court is the only court of proper jurisdiction that Kenner could file suit against the five (5) negligent tortfeasors and their insurers to recover restitution of the extensive property damage caused to the structure by the fire. GeoVera admits that it was first notified about this on June 11, 2018. Complaint Paragraph 14. Nevertheless, ignoring Kenner's request to discuss the possibility of an amicable settlement before filing suit, GeoVera chose to race, 90 days later, to file this declaratory judgment action in this Honorable Court, rather than the state court, without any prior notice to Kenner.

## Law and Argument

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

It gives federal courts the ability to make a declaration of rights, but it does not impose a duty to do so. *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

Under the Declaratory Judgment Act, district courts have "unique and substantial discretion" to decide whether to take action and declare the rights of interested parties. *Wilton,* 515 U.S. at 283, 115 S.Ct. 2137.

When deciding whether to abstain from hearing a declaratory judgment action, the issue is essentially whether "the question in controversy between the parties to the

2

federal suit . . . can better be settled in the proceeding pending in state court." *Brillhart*, 316 U.S. 491, 495, 62 S.Ct. 1173 (1942).

In *Wilton*, the Supreme Court held that the discretionary standard of *Brillhart*, rather than a more stringent test, governs a district court's decision to hear a declaratory judgment action. 515 U.S. 277, 289-90 (1995). And, "considerations of practicality and wise judicial administration." are paramount. *Wilton,* 515 U.S. at 283, 115 S.Ct. 2137.

In *St. Paul Insurance Company v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the United States Fifth Circuit Court of Appeals announced that the purpose of the Declaratory Judgment Act be addressed and balanced in conjunction with seven factors it adopted in order to determine whether to invoke the abstention doctrine with due consideration given to the proper allocation of decision-making between state and federal courts, fairness and efficiency.

. We respectfully submit that those factors strongly weigh in favor of abstention in this case. They are as follows:

1) Is there a pending state action in which all of the matters in controversy may be fully litigated?

Yes. Attached as Exhibit K-1 is the Petition for Damages filed in the 24th Judicial District Court for the Parish of Jefferson wherein Kenner has brought an action against GeoVera, its insured, as well as the other four (4) tortfeasors and their insurers. Abstention would allow a complete remedy to all parties in the pending state court action.

3

2) Did GeoVera file suit in anticipation of a lawsuit filed by Kenner?

Yes. GeoVera admits it was put on notice of Kenner's intention to seek restitution on June 11, 2018. GeoVera avers such in Paragraph 12 of its Complaint and attached as Exhibits 3, 4 and 5 to that effect. GeoVera ignored Kenner's request to attempt to settle this matter without the need for any litigation and instead raced to file its declaratory judgment action in federal court just 90 days after being put on notice of Kenner's desire to seek restitution.

3) Did GeoVera engage in forum shopping in bringing the declaratory judgment action in federal court rather than state court?

Yes. GeoVera filed this lawsuit in an attempt to foreclose a determination of the issues in the state court case. GeoVera knew that Kenner was seeking restitution for its losses. GeoVera knew that the only proper venue that Kenner could only file suit for such restitution was in the 24th Judicial District Court for the Parish of Jefferson. GeoVera could have filed its declaratory judgment action in that state court but raced to federal court instead.

4) Are there possible inequities in allowing GeoVera to gain precedence in time or to change forums?

Yes. It is well settled that the "first to the finish line" strategic behavior is contrary to the values of fairness underlying *Brillhart* abstention doctrine. Any opinion reached by this Court could contradict a ruling in the state court case, which would create inequities by giving GeoVera precedence. Thus, since there exists the possibility of inconsistencies in rulings, the state court should be allowed to decide all issues. Any

4

judgment entered by this Honorable Court would not "settle the controversy", *i.e.,* GeoVera's insureds' liability to Kenner, whether or not any, some or all of the defendants were negligent and to what amount or percentage are he/they liable, or the amount of damages. The state court is in a much better position to adjudicate all the issues since all the parties are before the state court; thus, allowing it to fully resolve all the issues in controversy between all the parties.

5) Is the federal court a convenient forum for the parties and witnesses?

Not if duplication of effort is a consideration. The parties and witnesses will have to participate in both the state and federal lawsuits simultaneously which will result in more scheduling and substantive conflicts.

6) Will retaining the lawsuit in federal court serve the purposes of judicial economy?

No. There is a pending lawsuit in state court wherein Kenner sued all five (5) tortfeasors and their insurers. Therefore, GeoVera can obtain a decision regarding coverage in the state court matter. Since there are multiple insurers in the state court action, it would promote consistency and serve judicial economy to have the state court decide all the issues rather than to ask this Honorable Court to engage in piecemeal litigation. Additionally, we have already received discovery in the state court proceeding. This overlap of facts, parties and issues strongly supports abstention.

7) Is the federal court being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending?

No. This issue is not applicable to this matter.

5

This Honorable Court addressed the abstention issue involving similar facts in a declaratory judgment action filed by an insurance company in *American Security Insurance Company v. Penwright*, 456 F. Supp. 2d 753 (E.D. La. 2006). In *Penwright*, the insurer responded to a notice of a claim by its insured by filing a declaratory judgment action in federal court (which the insured called a "preemptive strike"). This Honorable Court then reviewed the prevailing jurisprudence and granted the defendant's motion to stay:

> "The Fifth Circuit requires a district court faced with this situation to balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine when exercising its discretion. *Travelers Ins. Co. v. Louisiana Farm, Bureau Federation, Inc.* 996 F.2d 774, 778 (5th Cir.1993) (citing *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 28-29 (5th Cir.1989)).
> The Supreme Court in *Wilton v. Seven Falls Co.* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), explained how district courts should use discretion to abstain from entertaining a declaratory judgment action:
> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding. 515 U.S. at 283, 115 S.Ct. 2137 (internal citations omitted). The Supreme Court reasoned that when another suit "involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," a court's consideration of the declaratory judgment action may constitute "gratuitous interference." *Id.*
> Prior to the Supreme Court's *Wilton* decision, the Fifth Circuit in *Travelers* set forth an abstention analysis similar to that used in *Wilton*. The Fifth Circuit explained that the following factors [the same factors cited by Defendant from *Trejo*, 39 F.3d 585] are relevant to the Court's determination of the abstention issue: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing, the plaintiff in the declaratory action to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. 996 F.2d at 778.

In *Essex Ins. Co. v. Grefer,* 2002 WL 1585604 (E.D.La. July 15, 2002), an insurer filed a declaratory judgment action against its insureds, seeking a determination of its obligation under the insurance policy to defend and indemnify its insureds in a pending state court action. The insureds sought to have the federal declaratory judgment action stayed pending the resolution of the underlying state court action. Judge Vance determined that all the issues could be resolved in state court. Also, Judge Vance determined that staying the declaratory judgment action pending the outcome of the state court action would prevent duplication of judicial effort and inconsistent results. Therefore, the action was stayed.

...

In *North American Specialty Ins. Co. v. Bank,* 2006 WL 2054389 (E.D.La. July 21, 2006), this Court stayed a declaratory judgment action pending the outcome of a related state court proceeding. In that case, this Court determined that possible inconsistent insurance policy interpretations and piecemeal litigation would result if the matter was not stayed. Also, this Court found that similar to the issues in *Essex,* the issues in the *North American* declaratory judgment action were solely state law issues, which were particularly suited for resolution by the state court. This Court also reasoned that unlike the facts of the *Federal Ins. Co.* case, no summary judgment had been filed and the case was not "ripe for resolution."

This Court determines that a stay should be granted in this situation. A stay is warranted because the state court can comprehensively resolve all of the state law coverage issues in a forum that is just as convenient as this one. Further, the state lawsuit includes all the parties including Louisiana Citizens. Last, litigating in only one forum will prevent unnecessary duplication of judicial effort and inconsistent policy interpretations. Moreover, nearly all the *Travelers* factor weigh in favor of staying this proceeding: (1) there is a pending state action in which all of the matters in controversy may be fully litigated;. (2) the facts seems to indicate that Plaintiff filed suit in anticipation of a lawsuit filed by Defendant; (3) the facts seem to indicate that Plaintiff engaged in forum shopping; and (4) retaining this lawsuit here would not serve the purpose of judicial economy as it would likely cause duplication of judicial effort and inconsistent results."

In accord are numerous cases endorsing abstention either by dismissal or stay of the declaratory judgment actions involving similar facts, including: *Magnolia Marine Transport v. Laplace Towing Corp.,* 964 F.2d 1571, 1581 (5th Cir.1992); *Ironshore Specialty Insurance Company v. Tractor Supply Company,* 14-51164 (5th Cir. 2015); *Atain Specialty Insurance v. Bourgeois,* 15-6803 Section L (3) (E.D. La., 2016); *Fortenberry v. Scottsdale Insurance Co.,* 16-11309 Section L (E.D. La., 2016); *National*

7

*Union Fire Insurance Co. of Pittsburg v. Plaquemines Parish Government*, 14-1633 Section A (E.D. La. 2014); *Great American Insurance Company v. The Cumberland Investment Group*, 13-4763 Section K (E.D. 2013); *Steadfast Insurance Company v. Picke Construction Co.*, 10-3286 Section R (E.D. La. 2011); *Surety Corporation of America v. Leon Cannizzaro*, 10-3151 Section B (E.D. La. 2011).

In the alternative, GeoVera has made conclusory allegations without enough specific facts to state a claim under the required elements of the pleading standards of Fed. R. Civ. P. 8 and 12.

## Conclusion

The City of Kenner respectfully prays that this Honorable Court abstain from exercising jurisdiction in this declaratory judgment action for the reasons set forth above and dismiss GeoVera's Complaint with prejudice or ,alternatively, stay the matter with administrative closing of the case for statistical purposes.

Respectfully submitted:

_____
Leigh H. Roussel
LSBA 27065
Edward S. Rapier, Jr., T.A.
LSBA 17896
City of Kenner
1801 Williams Boulevard
Building C, 3rd Floor
Kenner, Louisiana 70062
(504) 468-4080
erapier@kenner.la.us
Attorneys for the City of Kenner

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by utilizing the electronic case/case management and also has been served upon counsel for all parties to this proceeding, contemporaneously with or before said filing, in a manner authorized by FRCP 5(b)(2), by mailing same to each by First Class United States Mail, properly addressed and postage prepaid, via email and/or telefaxing and/or via the court's CM/ECF system, on this 2nd day of November, 2018.

_____
Edward S. Rapier, Jr.

9