UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEOVERA SPECIALTY                                CIVIL ACTION
INSURANCE COMPANY

VERSUS                                           NO: 18-8608

STEPHEN CANTIN, ET AL.                           SECTION: "J"(4)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss Under Rule 12(b)(6) or Stay on Grounds of Abstention* (Rec. Doc. 11) filed by defendant, the City of Kenner ("Kenner Defendant"). Also before the Court is a *Motion to Dismiss Declaratory Judgment Action* (Rec. Doc. 12) filed by defendant, Sondra Cantin, the natural tutrix of the minor, R.C. ("Cantin Defendants"). Plaintiff, GeoVera Specialty Insurance Company ("Plaintiff"), opposes both motions (Rec. Doc. 13). Cantin Defendants filed a reply (Rec. Doc. 17). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the motions should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation arises out of a fire that occurred on February 19, 2018 at the abandoned Kenner High School owned by Kenner Defendant. Plaintiff alleges that news reports indicate that Stephen and Sondra Cantin's minor son, R.C., and other minors intentionally started a fire that demolished the interior of the first and second floors of the high school. The Kenner Police Department subsequently charged R.C.

1

with simple arson in violation of La. R.S. 14:52. Kenner Defendant contends that the cost to restore the building will exceed $475,000.

Prior to the fire, Plaintiff issued a homeowners' policy numbered FL00001131 with a policy period of September 9, 2017 to September 9, 2018 to Stephen Cantin and Sondra Cantin as the named insureds. Following the fire incident, the Cantins' insurance agent notified Plaintiff of Kenner Defendant's damages claim on June 11, 2018. On June 12, 2018, Plaintiff issued a reservation of rights letter to the Cantins through their attorney, advising that information discovered during the investigation indicated that the fire was caused by arson and that certain limitations and exclusions may apply to exclude coverage for the loss.

After additional investigation, on September 13, 2018, Plaintiff filed the instant declaratory judgment action in this Court to determine an actual case and controversy between the parties regarding their respective rights and obligations under the Cantins' homeowners' policy. Plaintiff seeks a judgment declaring that it has no duty to provide coverage and no duty to defend or indemnify the Cantins under their homeowners' policy with respect to the claims asserted by Kenner Defendant against the Cantins.

Three weeks after Plaintiff filed the instant declaratory judgment action, Kenner Defendant filed suit in the 24th Judicial District Court for the Parish of Jefferson against the Cantins and Plaintiff, the other minors involved in the fire, and several insurers of the other minor defendants. The insurers, including Plaintiff, are joined in the state suit under the Louisiana Direct Action Statute. The state court

petition asserts that the insurers are liable *in solido* for all damages sustained by Kenner Defendant. Both Kenner Defendant and Cantin Defendants filed motions asking this Court to exercise its discretion to dismiss Plaintiff's declaratory judgment action due to the pendency of the state court suit.

## **LEGAL STANDARD**

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the United States Supreme Court made clear that, because the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant,'" the district court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 287–88. Even when a declaratory judgment action is justiciable and within the Court's authority to decide, the Court must still determine whether to exercise its discretion to decide or dismiss the action. *Sherwin–Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

The United States Court of Appeals for the Fifth Circuit has identified a three-step inquiry for determining whether to decide or dismiss a complaint for declaratory relief. *Orix*, 212 F.3d at 895; *see also Sherwin–Williams Co.*, 343 F.3d at 387. The first step requires a determination of whether the declaratory judgment action is

3

justiciable. *Id.* (citing *Rowan Cos. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir. 1989)). "Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented." *Orix*, 212 F.3d at 895 (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993)). "Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.* (citing *Travelers*, 996 F.2d at 778). At issue in the present case is the third step of this inquiry.

The Fifth Circuit employs the *Brillhart* standard when a district court is considering whether to abstain from exercising jurisdiction over an action solely for declaratory relief. *Woodward v. Sentry Select Ins. Co.*, No. 03-2481, 2004 WL 834634, at *2 (E.D. La. Apr. 16, 2004) (Berrigan, J.) (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 6452 (5th Cir. 2000)). Under the *Brillhart* standard, a federal court has discretion to stay or dismiss a declaratory judgment action where there is a pending state court suit between the same parties that presents the same issues, and where that state court suit could adequately settle the dispute. *Id.* (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). The district court has "no compulsion to exercise [its] jurisdiction," and the court has discretion to grant a motion to dismiss the declaratory judgment action. *See Brillhart*, 316 U.S. at 495.

In determining whether to abstain under *Brillhart*, the district court "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* The district court must look

4

to three broad categories of factors: (1) the proper allocation of decision-making between state courts and federal courts; (2) fairness and improper forum shopping; and (3) efficiency. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 390-91 (5th Cir. 2003). To evaluate each of these broad categories, the Fifth Circuit uses the seven *Trejo* factors:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994); *Sherwin-Williams*, 343 F.3d at 390.

## PARTIES' ARGUMENTS AND DISCUSSION

### I. First Factor: Pending State Action

The first *Trejo* factor requires the Court to consider whether there is a pending state action in which all of the matters in controversy may be fully litigated. If the declaratory judgment action filed in the federal court "raises only issues of state law and a state case involving the same state law issues is pending, generally the state

5

court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390-91.

Cantin Defendants argue that (1) the pending state court action contains the same parties as the federal declaratory judgment action in regard to the question of coverage under the policy at issue, (2) Kenner Defendant and Cantin Defendants are parties to both actions, and (3) Plaintiff has been sued in the state action under the Louisiana Direct Action Statute. (Rec. Doc. 12-1 at 6). Accordingly, Kenner Defendant and Cantin Defendants assert that there is a state court action that can and will adjudicate the issues raised in the declaratory judgment action. (Rec. Docs. 12-1 at 7 and 11-2 at 3). Cantin Defendants emphasize that dismissal of the instant action is even more compelling because there are parties present in the state court litigation who are not present in the federal declaratory judgment action; namely, the other minors involved in the fire. (Rec. Doc. 12-1 at 7).

Plaintiff argues in opposition that the state court action was not filed at the time Plaintiff filed this declaratory judgment action and the two cases are not parallel simply because they involve the same general subject matter and the validity of an obligation. (Rec. Doc. 13 at 5). Plaintiff emphasizes that while the state court may resolve the issue of the Cantins' liability to Kenner Defendant, it will not determine whether Plaintiff must defend the Cantins against the claims asserted. (Rec. Doc. 13 at 6). Plaintiff notes that the other minors and insurers thereof are not necessary parties to this declaratory judgment action to determine coverage and duty-to-defend

6

issues between Kenner Defendant, Cantin Defendants, and Plaintiff. (Rec. Doc. 13 at 8).

The Court finds that the first *Trejo* factor weighs in favor of abstention. In Plaintiff's Complaint for Declaratory Judgment (Rec. Doc. 1), Plaintiff requests that the Court issue the following declarations: (1) that the policy at issue does not afford coverage for Kenner Defendant's claim asserted against Cantin Defendants and Plaintiff as their insurer; (2) that Plaintiff does not have a duty to indemnify or defend Stephen Cantin, Sondra Cantin, or R.C. in connection with any claim or lawsuit brought by Kenner Defendant for damages arising out of the February 19, 2018 fire; and (3) alternatively, and only in the event this Court finds that Plaintiff has an obligation to provide coverage, that the policy's coverage is limited to $10,000. Plaintiff is asking the Court to interpret the terms of its insurance contract with Cantin Defendants. Thus, Plaintiff's declaratory judgment action only raises issues of state law. While the legal issue presented in this case is not presently pending in the state court action, Plaintiff is a party to that action and whether Plaintiff has a duty to defend and indemnify the Cantins can be litigated there.

**II.  Second, Third, and Fourth Factors: Fairness and Improper Forum Shopping**

The second, third, and fourth *Trejo* factors require the Court to consider whether the declaratory judgment plaintiff filed its complaint in anticipation of a state court lawsuit filed by the defendant; whether the plaintiff engaged in forum shopping in bringing the suit; and whether there are possible inequities in allowing

7

the declaratory plaintiff to gain precedence in time or to change forums. These three factors together "analyze whether the [declaratory judgment] plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams*, 343 F.3d at 391-92.

"Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.* at 391. Thus, improper forum shopping or "procedural fencing" is not generally found in the following circumstances: where the plaintiff files a declaratory judgment action in an effort to avoid multiple lawsuits in multiple state courts; where selection of the federal forum would not change the substantive law that would apply; where there is no indication that the declaratory judgment defendants were restricted from filing a state court action before the declaratory judgment plaintiffs filed suit in federal court; and where the federal court otherwise has jurisdiction over the matter. *Id.* at 398-99 (citing *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998)).

Indications that improper forum shopping or procedural fencing has occurred include the following: where the plaintiff brings the declaratory judgment action before the declaratory judgment defendant is legally able to bring a state action; where a federal forum will dictate that different substantive law be applied in the case; an indication that the declaratory judgment plaintiff is seeking a "disorderly race to the courthouse" in a more favorable forum when it has notice that the other party intends to file suit on the same issues in a different forum; an indication that

8

the declaratory judgment plaintiff is engaging in a "race to res judicata"; and where the declaratory judgment plaintiff seeks a federal hearing in a case that would otherwise be unremovable, or in an attempt to delay or thwart the state court plaintiff's choice of a state forum. *Sherwin-Williams*, 343 F.3d at 399; *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 779 (5th Cir. 1993); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602, n.3 (5th Cir. 1983); *909 Corp. v. Vill. of Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292-93 (S.D. Tex. 1990); *Illinois Cent. R. Co. v. Cain*, 434 F. Supp. 2d 415, 421 (S.D. Miss. 2006); *Smith v. McLean*, No. 10-792, 2011 WL 2792387, at *6 (S.D. Tex. July 14, 2011).

Kenner Defendant and Cantin Defendants argue that Plaintiff's decision to file this declaratory judgment action in federal court sixty days after receiving notice of the claim constitutes forum shopping and results in unfair prejudice. (Rec. Docs. 11-2 at 4 and 17 at 7). Kenner Defendant asserts that any opinion reached in this Court could contradict a ruling in the state court proceeding, thereby creating inequities. (Rec. Doc. 11-2 at 4). Cantin Defendants emphasize that "[u]sing a declaratory judgment action to race to *res judicata* is thoroughly inconsistent with the purposes of the Declaratory Judgment Act." (Rec. Doc. 12-1 at 9). In response to Plaintiff's argument that it has not gained an unfair advantage by filing suit in federal court because Louisiana law will govern regardless (Rec. Doc. 13 at 11), Cantin Defendants assert that the mere fact that both courts will apply Louisiana law does not mean that Plaintiff did not obtain an inequitable advantage (Rec. Doc. 17 at 7). Finally, while Plaintiff emphasizes that a proper use of the Declaratory Judgment Act is to

9

enable potential defendants to resolve disputes without having to wait to be sued (Rec. Doc. 13 at 8), Cantin Defendants argue that Plaintiff will not have to wait to adjudicate coverage since the state court suit was filed just three weeks after the filing of the instant action (Rec. Doc. 17 at 6).

The Court finds that the second, third, and fourth *Trejo* factors weigh against exercising jurisdiction. The instant declaratory judgment action was filed on September 13, 2018, and the state court lawsuit was filed three weeks later. However, prior to filing the instant action, Plaintiff received notice on June 11, 2018 of Kenner Defendant's intention to seek restitution. (Rec. Doc. 11-2 at 4). Thus, Plaintiff was likely aware that its insurance coverage of Cantin Defendants would become an issue in the event a state court lawsuit was filed. Plaintiff appears to be seeking a federal hearing on the coverage issue in a case that is unremovable in an effort to thwart the right of the state court plaintiff to elect a forum of its own choosing. Moreover, it appears likely that Plaintiff is racing to *res judicata* by seeking a judgment in federal court soon after being put on notice of Kenner Defendant's intention to seek restitution.

### III. Fifth Factor: Convenient Forum

The fifth *Trejo* factor requires the Court to consider whether the federal court is a convenient forum for the parties and witnesses. The Court finds that this factor is neutral because the 24th Judicial District Court for the Parish of Jefferson is located only six miles away from the United States District Court for the Eastern District of Louisiana.

10

## IV. Sixth Factor: Judicial Economy

The sixth *Trejo* factor requires the Court to consider whether retaining the lawsuit in federal court would serve the purposes of judicial economy. Cantin Defendants and Kenner Defendant contend that the Court should abstain because the issue presented in the instant declaratory judgment action can be fully litigated in the pending state court action, which would promote judicial economy and avoid increased expense. (Rec. Docs. 11-2 at 5 and 12-1 at 9). However, Plaintiff argues that dismissal of this action would necessitate Plaintiff "start[ing] anew" in state court. (Rec. Doc. 13 at 13). Plaintiff also notes that obtaining a prompt ruling on coverage would benefit all parties in shaping settlement strategies and avoiding unnecessary expenses. (Rec. Doc. 13 at 13).

The Court considers the following with respect to the question of judicial economy:

> A federal district court should avoid duplicative or piecemeal litigation where possible. A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts. Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues.

*Sherwin-Williams*, 343 F.3d at 391.

Given these considerations, the Court agrees that it would be most efficient for the determination of whether Plaintiff has an obligation to defend and indemnify the Cantins to occur in tandem with the determination of the underlying liability issues in state court. The Court takes note of the fact that while the instant action is in its

11

infancy, Cantin Defendants have already answered the state court action and served discovery. Additionally, a determination of whether the insurance policy at issue excludes coverage or limits liability in the matter pending before the state court will necessarily require this Court to examine the actions of R.C. in assessing whether Kenner Defendant's damages were caused by an "occurrence" or whether the Criminal Acts exclusion precludes coverage. This mirrors the issue being litigated in the 24th Judicial District Court for the Parish of Jefferson. Accordingly, the Court finds that the sixth *Trejo* factor weighs in favor of abstention.

## V. Seventh Factor: Construing a State Judicial Decree

The seventh *Trejo* factor requires a federal court to consider whether it is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. This Court is not being called on to construe a state judicial decree. Thus, the seventh *Trejo* factor is neutral. In conclusion, the balance of the *Trejo* factors weighs in favor of the Court exercising its discretion to abstain in this case.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the motions to dismiss **(Rec. Docs. 11, 12)** are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint in the above-captioned matter **(Rec. Doc. 1)** is hereby **DISMISSED without prejudice**.

New Orleans, Louisiana, this 3rd day of May, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE